NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0301n.06

No. 12-3050

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Mar 26, 2013*

DEBORAH S. HUNT, Clerk

FRANCISCO GONZALEZ-LOPEZ, )
           )
    Petitioner, )
           )
           )    ON PETITION FOR REVIEW
    v. )   OF A FINAL ORDER OF THE
           )    BOARD OF IMMIGRATION
ERIC H. HOLDER, JR., Attorney General, )    APPEALS
           )
    Respondent. )
           )

BEFORE:  DAUGHTREY, McKEAGUE, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Francisco Gonzalez-Lopez, a Mayan Indian, left Guatemala and illegally entered the United States in December 2000.  On December 15, 2008, approximately eight years later, he filed the instant application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  The Immigration Judge ("IJ") denied petitioner's application, and the Board of Immigration Appeals ("BIA") sustained that decision.  We lack jurisdiction to review the determination that petitioner's asylum application was untimely, and we conclude that petitioner has failed to meet his burden of proof for withholding of removal or protection under the CAT. Accordingly, we dismiss in part and deny in part the petition for review.

I.

The Immigration and Nationality Act ("INA") requires applicants for asylum to demonstrate by clear and convincing evidence that they filed their application within one year of their arrival in the United States or that changed or extraordinary circumstances excuse the delay. 8 U.S.C. § 1158(a)(2)(B), (D). Petitioner does not dispute that he filed his asylum application late; he entered the United States in December 2000 and failed to file his application until December 2008. Accordingly, the question is whether the IJ properly determined that petitioner failed to demonstrate "changed circumstances which materially affect [his] eligibility for asylum or extraordinary circumstances relating to the delay in filing." *Id*. § 1158(a)(2)(D).

We lack jurisdiction to review a determination that an asylum application is untimely where the petitioner seeks review of discretionary or factual questions. *Id*. § 1158(a)(3); *Vincent v. Holder*, 632 F.3d 351, 353 (6th Cir. 2011). In this case, the IJ found that petitioner's alleged unfamiliarity about how to pursue asylum and fear of contacting authorities did not constitute changed or extraordinary circumstances sufficient to excuse the delay. Those were factual determinations that are unreviewable by this court. *See Kaba v. Holder*, 427 F. App'x 504, 508–09 (6th Cir. 2011) (holding that it lacked jurisdiction to consider the petitioner's arguments that his ignorance of the law and cultural barriers excused his late filing because those were factual determinations).

Nonetheless, the jurisdictional bar does not apply where the petitioner seeks review of constitutional claims or matters of statutory construction. *Vincent*, 632 F.3d at 353. As the constitutional basis for this court's review, petitioner alleges a denial of due process. He first

complains that there exists no record of scheduled hearings at which he would have been advised of available relief. However, the hearing transcripts, whether they exist or not, have no bearing on petitioner's eligibility for asylum and, thus, do not constitute a changed circumstance materially affecting his eligibility. Further, the first scheduled hearing for which there is allegedly no record occurred on March 28, 2003, which is long after the one-year filing deadline had expired. Consequently, the alleged failure to advise him of available relief on that date or after did not constitute an extraordinary circumstance justifying or explaining the delay; the application was already late. Similarly unpersuasive is petitioner's argument that ICE officers should have informed him of his right to seek asylum relief when he was placed in removal proceedings on March 19, 2003. Again, petitioner's application was already late at that time.

Petitioner's arguments that his relatively young age, lack of education, ignorance of the law, and discovery of his father's alleged involvement in a massacre should excuse his late filing are not due process arguments. Rather, these arguments challenge the factual determination that petitioner failed to demonstrate changed or extraordinary circumstances to excuse his late filing, a determination that essentially boiled down to petitioner's credibility. Therefore, we are without jurisdiction to review those arguments.

Moreover, petitioner failed to raise his due process arguments below. Although petitioner made various arguments before the IJ and BIA for why the untimely filing of his asylum application should be excused, he never claimed a due process violation. Judicial review of a final order of removal is available only if "the alien has exhausted all administrative remedies available to the alien

as of right." 8 U.S.C. § 1252(d)(1); *see Lulonga v. Holder*, 410 F. App'x 897, 901 (6th Cir. 2010) ("[A]lthough [the petitioner] could have argued that the IJ violated his due-process rights by failing to address this evidence, he did not raise this claim to the BIA.").

Without jurisdiction to review the IJ's determination regarding the untimeliness of the application, we do not reach the merits of petitioner's claim that the IJ erred when it found his application barred by the one-year filing requirement. Accordingly, we dismiss, in part, the petition for review.

II.

The next issue is whether we should reverse the IJ's adverse credibility finding against petitioner. When considering a final order of removal, we review credibility determinations under the highly deferential substantial evidence standard. *Abdallahi v. Holder*, 690 F.3d 467, 472 (6th Cir. 2012). We uphold credibility determinations that are "supported by reasonable, substantial, and probative evidence on the record as a whole." *Id*. (internal quotation marks omitted). Adverse credibility determinations are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *El-Moussa v. Holder*, 569 F.3d 250, 255–56 (6th Cir. 2009) (internal quotation marks omitted) (citing 8 U.S.C. § 1252(b)(4)(A), (B)). The REAL ID Act of 2005 governs credibility determinations concerning applications for asylum, withholding of removal, and protection under the CAT filed on or after May 11, 2005. *Id*. at 256. Thus, the REAL ID Act applies in this case. Under the REAL ID Act, the trier of fact makes credibility determinations based on the totality of the circumstances and all relevant factors, which may include:

the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii).

Considering the record as a whole, we conclude that the IJ's adverse credibility determination is supported by substantial evidence and that a reasonable adjudicator would not be compelled to conclude to the contrary. The record includes significant inconsistencies that petitioner has been unable to adequately explain.

First, petitioner was inconsistent regarding the number of letters that he received from his father. Petitioner first stated that he received one letter from his father and a second letter was on the way, but he later testified that he had already received both letters. Petitioner says that he would not have lied about the number of letters that he received and, at most, his testimony was unclear. Yet petitioner's testimony was, in fact, inconsistent, and it was permissible for the IJ to consider the inconsistency as an indication of petitioner's truthfulness. The IJ found petitioner's explanation for the discrepancy unconvincing, and petitioner provides no principled basis for us to disturb that conclusion.

Second, petitioner was inconsistent regarding his father's ownership of land and a store in Guatemala. His application states that his father owned land and a store, but he testified that his

father did not own land or a store. The IJ found petitioner's attempted explanations for these inconsistencies confusing and insufficient. In his petition for review, petitioner argues that the inconsistencies do not bear on his credibility because whether his father owned land or a store "does not go to the heart of the matter." The REAL ID Act, however, specifically permits an IJ to base a credibility finding on inconsistencies "without regard to whether [they] go to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner points to his lack of education and limited understanding about his childhood; yet even assuming those circumstances to be true, they do not explain why an adult applicant would provide two different accounts of his past.

Third, petitioner offered conflicting testimony regarding whether his father told gang members his location while living with his brother. Petitioner's application states that his father did not tell gang members his new location, but he testified that his father did tell gang members his new location. When asked to explain the inconsistency, petitioner's comments were substantially unresponsive. In his petition for review, petitioner argues that the important facts are that gang members found his father and asked him for petitioner's whereabouts, facts which are uncontroverted. This argument lacks merit because, as previously mentioned, an IJ may base a credibility determination on inconsistencies unrelated to the heart of an applicant's claim. 8 U.S.C. § 1158(b)(1)(B)(iii).

Fourth, petitioner's asylum application indicates that two men attacked him in the park, but he testified that four men attacked him and later attempted to clarify that there were two attackers and two onlookers. Petitioner now argues that whether two people or four people attacked him is

immaterial to his claim. As already explained, however, even immaterial inconsistencies can form the basis of an adverse credibility determination.

Further, petitioner's reliance on *Mapouya v. Gonzales*, 487 F.3d 396 (6th Cir. 2007), is misplaced. Because the petitioner's claim in *Mapouya* was not subject to the REAL ID Act, the IJ's adverse credibility finding could not be based on inconsistencies unrelated to the applicant's claim. *Id*. at 406–07. "The REAL ID Act implemented an important substantive change concerning the kinds of inconsistencies that may give rise to an adverse credibility determination. Inconsistencies no longer need to go to the heart of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010) (internal quotation marks omitted). And although petitioner notes the possibility that discrepancies can, at times, be explained by errors in translation, he offers no basis to believe that any mistranslation occurred in this case.

Also bearing on credibility was the IJ's determination that petitioner failed to provide corroborating evidence that was reasonably available. In particular, petitioner failed to provide a meaningful letter from his father. The letter supplied merely indicated petitioner's past problems with gangs; it did not indicate that the father was the sole escapee of a massacre, had been harmed or threatened by gang members, or had sought help from police. Nor did it mention that petitioner had been beaten and stabbed by gang members. As the IJ reasoned, this written corroboration appears to have been reasonably available given that petitioner had been able to obtain one letter. Understandably, the IJ was not satisfied by petitioner's explanation that the notary must not have been very good.

Under the REAL ID Act, when the IJ "determines that the applicant should provide evidence which corroborates otherwise credible testimony, such evidence must be provided unless the applicant demonstrates that the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1229a(c)(4)(B). We are "bound by the REAL ID Act of 2005 and may not reverse an agency finding as to the availability of corroborating evidence unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." *Urbina-Mejia v. Holder*, 597 F.3d 360, 367 (6th Cir. 2010) (internal quotation marks omitted). Petitioner does not address this issue on appeal or claim that such corroborating evidence was unavailable.

With regard to the discounted expert testimony, the record indicates that Dr. Jeff Stewart based his opinions on petitioner's testimony and the contents of his asylum application. Given the finding that petitioner lacked credibility, the IJ did not err in giving Dr. Stewart's testimony only limited evidentiary weight. The IJ was also permitted to consider Dr. Stewart's failure to provide corroborating evidence, such as affidavits, of the people in Guatemala with whom he allegedly communicated. Much of the evidence on which Dr. Stewart relied is hearsay, which need not be automatically taken as true and is appropriately accorded less weight by the trier of fact. *See Murphy v. INS*, 54 F.3d 605, 611 (9th Cir. 1995) (explaining that a hearsay statement without an opportunity to cross examine "is subject to speculation and hardly worthy of full evidentiary weight").

For these reasons, no error occurred. Accordingly, we do not disturb the IJ's adverse credibility determination or other decisions regarding evidentiary weight.

III.

The final issue is whether the IJ properly denied petitioner's requests for withholding of removal and protection under the CAT. An applicant seeking withholding of removal or protection under the CAT bears the burden of demonstrating entitlement to relief. *El-Moussa*, 569 F.3d at 256–57. To qualify for withholding of removal, petitioner needed to prove a clear probability that, more likely than not, he would be subject to persecution on account of a protected ground if returned to Guatemala. *Id.* at 257. To qualify for protection under the CAT, petitioner needed to show that, more likely than not, he would be tortured if removed to Guatemala. *Id.* Because petitioner was found not credible, and there is no reason to disturb that conclusion, he has failed to establish eligibility for relief. *See Hachem v. Holder*, 656 F.3d 430, 435 (6th Cir. 2011); *El Moussa*, 569 F.3d at 257 (holding that the IJ's adverse credibility finding precluded the petitioner from establishing the necessary proof for entitlement to withholding of removal or protection under the CAT). Although petitioner claims that he has raised a significant argument based on recently discovered evidence involving a massacre, the IJ did not believe his story, and there is no independent evidence to give credence to his claim. Accordingly, we deny, in part, the petition for review.

IV.

The petition for review is dismissed in part and denied in part.